IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) CRIMINAL NO. 04-0228-WS |
| | ) |
| **NASHON AKKUR BARNES, etc.,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter is before the Court on the defendant's "motion to sentence to concurrent sentences for SRT violation." (Doc. 62). The government has filed a response, (Doc. 67), and the motion is ripe for resolution.

In January 2006, the Court sentenced the defendant to 25 months imprisonment on a controlled substance charge to which he pleaded guilty, to be followed by a four-year supervised release term ("SRT"). (Doc. 38). In 2010, during his SRT, the defendant was convicted on state charges of attempted murder and burglary first degree, offenses that occurred during his SRT. (Doc. 49). The defendant was sentenced to a term of life in state custody. (Doc. 49 at 3).

Following the state conviction and sentencing, the Court conducted a revocation hearing, at the conclusion of which it revoked the defendant's SRT based on the state convictions and other violations of his conditions of release. The Court then sentenced the defendant to serve 36 months. (Doc. 54 at 1-2). At the hearing, counsel for the defendant urged the Court to make any federal sentence concurrent with the state sentence, (Doc. 59-1 at 8-9, 36-38), but the Court in its judgment explicitly made its sentence "to run consecutively to the state custody sentences imposed" by the state court. (Doc. 54 at 2). Based on the nature and circumstances of the defendant's violations, including especially the "quite serious" character of the state offenses, the Court ruled that "it is only appropriate to run [the federal sentence] consecutive" to the state sentence. (Doc. 59-1 at 40-41). The defendant appealed the 36-month sentence, which the Eleventh Circuit affirmed; the defendant did not challenge the consecutive nature of the sentence. (Doc. 61).

Now, fifteen years later, the defendant asks the Court to "reconsider" its 2010 judgment so as to make his federal sentence concurrent with the state sentence. (Doc. 62 at 1). He seeks

such relief because, he says, the consecutive nature of his federal sentence precludes him from participating, while in state custody, in certain rehabilitation programs and in work release. (*Id*. at 3, 6).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Specifically, "[t]he court may not modify a term of imprisonment once it has been imposed" except: (1) by means of compassionate release; (2) pursuant to a post-sentencing, retroactively applicable change in the sentencing guidelines; or (3) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c). "Outside of Rule [35], there exists no 'inherent authority' for a district court to modify a sentence." *United States v. Diaz-Clark*, 292 F.3d 1310, 1319 (11th Cir. 2002).

The Court upon revocation "require[d] the defendant to serve in prison all or part of the term of supervised release" it imposed at the 2006 sentencing. 18 U.S.C. § 3583(e)(3). In *Johnson v. United States*, 529 U.S. 694 (2000), the Supreme Court indicated that, under a prior, similarly worded version of subsection (e)(3), "[s]o far as the text is concerned, it is not a 'term of imprisonment' that is to be served, but all or part of 'the term of supervised release.'" *Id*. at 705. The *Johnson* Court addressed only whether subsection (e)(3) permitted imposition of SRT following a prison term imposed on revocation of SRT, and its point was only that revocation of SRT under subsection (e) does not entirely extinguish that SRT. *Id*. That point is presumably still valid, but Congress has made expressly clear in Section 3583(h) -- which was not in force when the events animating *Johnson* occurred, *id*. at 702 -- that what is imposed under subsection (e)(3) is "a term of imprisonment." *Accord* 18 U.S.C. § 3583(g), (i), (k); *United States v. Murat*, 132 F.4th 1347, 1350 (11th Cir. 2025). Because the Court's 2010 judgment imposed "a term of imprisonment," Section 3582(c)'s restrictions on modification apply. *See United States v. Black*, 522 Fed. Appx. 803, 804-05 (11th Cir. 2013) (applying *Phillips* to a prison term imposed on revocation of SRT). The defendant makes no contrary argument.

The defendant does not invoke compassionate release, the sentencing guidelines, or Rule 35, and they obviously are not in play. He is therefore required to identify some other statute that "expressly permits" the Court to revisit the consecutive nature of his post-revocation prison term. The defendant, however, has not attempted to do so. Instead, he relies exclusively on *Murat*.

In *Murat*, the government sought revocation of SRT based on seven alleged violations. The defendant admitted three of the violations. Based on the admitted violations, the district court revoked SRT and sentenced the defendant to five months' imprisonment and 54 months SRT. Because the government was still investigating three more serious violations (all asserting criminal activity), the court held those alleged violations in abeyance, to be resolved at a later date. On the final day of the defendant's five-month sentence, the court held a hearing on the latter alleged violations, found for the government on one of them, and sentenced the defendant to four more months' imprisonment and 48 more months SRT. 132 F.4th at 1349. The defendant argued that the first revocation order "extinguished" his original SRT, leaving the district court no jurisdiction to revoke it a second time via the second order. *Id*. at 1350. Based on *Johnson* and other authorities, the Eleventh Circuit disagreed, ruling that "[t]he first revocation did not end the district court's jurisdiction to adjudicate the alleged violations held in abeyance from a timely petition filed before that revocation." *Id*. at 1351-53.

*Murat*, of course, is not a statute, much less a statute that "expressly permit[s]" a post-imposition modification of a term of imprisonment on revocation of SRT. Nor does *Murat* purport to permit a defendant to revisit a district court's revocation order years after the event; *Murat* simply allows a district court to revoke SRT on certain grounds raised by the government and later to rule on additional grounds initially raised by the government and timely ruled on by the district court.

Even had the defendant identified a proper procedural vehicle, the Court would not on this record grant the relief requested. The Court remains satisfied that, its effect on the defendant's eligibility for certain benefits while in state custody notwithstanding, running the instant sentence consecutive to the state sentence remains the appropriate course.

For the reasons set forth above, the defendant's motion to alter his sentence is **denied**. The defendant's embedded motion for a hearing, (Doc. 62 at 9), is **denied**.

DONE and ORDERED this 15th day of December, 2025.

                                                                        s/WILLIAM H. STEELE
                                                                        UNITED STATES DISTRICT JUDGE